IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| LARSON ARCHERY COMPANY<br><br>Plaintiff,<br><br>vs.<br><br>MATHEWS, INC.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO STAY<br><br><br>Case No. 1:11-CV-126 TS |

This matter is before the Court on Defendant Mathews, Inc.'s Motion to Stay this Action Pending Completion of Granted Request for *Inter Partes* Reexamination of Asserted Patent.[1] Defendant moves the Court to stay the instant litigation pending the outcome of the reexamination of the patent-in-suit with the Patent and Trademark Office ("PTO"). For the reasons discussed more fully below, the Court will grant Defendant's Motion.

I.  BACKGROUND

On August 11, 2011, Plaintiff Larson Archery Company filed a complaint against Defendant alleging patent infringement. Plaintiff's claims center on U.S. Patent No. 7,441,555

---

[1]Docket No. 31.

1

(the "'555 Patent"). On June 29, 2012, Defendant filed its first responsive pleading in this case, a Motion to Dismiss or, in the alternative, Motion for Summary Judgment.[2] Plaintiff responded by filing a cross motion for summary judgment and seeking leave to file an amended complaint. Meanwhile, on September 14, 2012, Defendant filed a request for *inter partes* reexamination of the '555 Patent with the PTO. The PTO granted Defendant's request on November 13, 2012. As of the fourth quarter of 2012, the average pendency time for *inter partes* reexamination was 38.4 months.[3]

## II.  DISCUSSION

The Federal Circuit has recognized that a district court may properly stay proceedings in a patent case pending the PTO's reexamination of a patent by that Office.[4] This Court has the inherent power to manage its docket and stay proceedings.[5] Courts consider a number of factors in determining whether to stay litigation proceedings pending PTO reexamination, including: "(1) whether a stay will simplify the issues in question and trial of the case; (2) whether discovery is complete and a trial date has been set; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party."[6]

---

[2]*See* Docket No. 14.

[3]*See* http://www.uspto.gov/patents/stats/Reexamination_Information.jsp.

[4]*Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983).

[5]*Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988).

[6]*Pool Cover Specialists Nat'l, Inc. v. Cover-Pools Inc.*, 2009 WL 2999036, at *1 (D. Utah Sept. 18, 2009) (citing *In re Cygnus Telecomm. Tech., LLC*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005); *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)).

A. SIMPLIFICATION OF THE ISSUES

A stay will likely lead to simplification of the issues in this case. It is undisputed that the PTO has been asked to review all of the claims of the '555 Patent. If the PTO determines that the '555 Patent is invalid, it follows that this action based on infringement of that patent would fail. Even if the claims are valid, the PTO's analysis of the claims can provide useful guidance to the Court in the resolution of this action.[7] Moreover, Defendant, as requester of the *inter partes* reexamination, will be estopped from re-litigating claim issues decided during the reexamination.[8] For these reasons, the Court finds that this factor weighs in favor of granting a stay.

B. DISCOVERY COMPLETE AND TRIAL DATE SET

No scheduling order has been entered for this case, nor has a trial date been set. Nevertheless, Plaintiff argues that this factor does not weigh in favor of granting a stay because Defendant delayed in responding to Plaintiff's Complaint. Defendant's delayed response—a delay to which Plaintiff acquiesced—however, is insufficient to establish substantive progress. Here, the record makes clear that, due to the parties' filings, no discovery has been taken and no trial date has been set. Therefore, the Court finds that this factor weighs in favor of granting a stay.

---

[7] *Id.* at *2 (noting that "even if . . . reexamination [does] not lead to claim amendment or cancellation, it could still provide valuable analysis to the district court").

[8] *See* 35 U.S.C. § 315(e)(2).

C.     PREJUDICE OR TACTICAL ADVANTAGE

A stay would likely prejudice Plaintiff to some extent. By staying litigation until the reexamination is complete, Defendant would be able to continue its alleged infringement throughout the time period of the reexamination proceeding. While any delay may be prejudicial to Plaintiff, the "delay inherent in the reexamination process does not constitute, by itself, *undue* prejudice."[9] Further, in light of the corporate nature of the entity bringing suit, the Court is not persuaded that the health, advanced age, and personal difficulties confronting Plaintiff's CEO and product innovator, Marlow Larson, necessitate a finding of undue prejudice.

On this factor, Plaintiff cites to this Court's prior ruling in *Quest Software, Inc. v. Centrify Corp.*,[10] for the proposition that it will suffer undue prejudice. The Court would note that it finds *Quest* unpersuasive given the intervening Leahy–Smith America Invents Act ("AIA"), which greatly streamlined the *inter partes* reexamination process and shortened the duration of reexamination proceedings.[11] As other courts have noted, under the AIA, "[t]he court is now mandated to stay litigation in favor of *inter partes* reexamination unless the court before which such litigation is pending determines that a stay would not serve the interests of justice."[12]

In sum, the Court finds that this factor weighs in favor of granting a stay.

---

[9] *Pool Cover Specialists Nat'l*, 2009 WL 2999036, at *2 (internal quotation marks and citation omitted) (emphasis added).

[10] 2011 WL 1085789 (D. Utah Mar. 21, 2011).

[11] *See id.*, at *4 (noting that *inter partes* reexamination would take between six and eight years to complete).

[12] *Cellectis S.A. v. Precision Biosciences*, 2012 WL 3195087, at *5 (D. Del. Aug. 6, 2012) (internal quotation marks and citation omitted).

## III.  CONCLUSION

On balance of the above-listed factors, the Court finds that a stay of this case pending the completion of the *inter partes* reexamination is in the interest of justice.  It is therefore

ORDERED that Defendant's Motion to Stay (Docket No. 31) is GRANTED.  The Clerk of the Court is directed to administratively close this case.  The case may be re-opened upon motion by either party.

DATED   January 10, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge